UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-22103-SEITZ/SIMONTON

**PINK LOTUS ENTERTAINMENT, LLC,**

      **Plaintiff,**

vs.

**JOHN DOES 1 – 53,**

      **Defendants.**
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE

This Matter is before the Court upon the Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to the Rule 26 (f) Conference (DE # 5). The Motion has been referred to undersigned United States Magistrate Judge (DE # 7).

The Court has reviewed the Complaint and the attached Exhibit A, the Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference and all the papers filed in connection with the motion, and relevant case law. Accordingly, it is hereby

**ORDERED** that Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (DE # 5) is **GRANTED**. It is further

**ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information:

> From Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint and any other entity identified as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address.

It is further

**ORDERED** that any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.  It is further

**ORDERED** that Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers.  It is further

**ORDERED** that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.  It is further

**ORDERED** that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order. It is further

**ORDERED** that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service.  It is further

**ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.  It is

**ORDERED** that Plaintiff may not file an amended complaint until further order of

this Court.

**DONE AND ORDERED** at Miami, Florida, this 23rd day of June 2011.

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF:**
**The Honorable Patricia A. Seitz**
      **United States District Judge**

**All Counsel of Record**