UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case No. 1:11-cv-22103-PAS–Civ-Seitz/Simonton

PINK LOTUS ENTERTAINMENT, LLC,

  Plaintiff,

vs.

JOHN DOES 1 – 53

  Defendants.
_____/

**MOTION TO EXTEND TIME FOR SERVICE PURSUANT TO THE COURT'S ORDER REQUIRING JOINT SCHEDULING REPORT**

  Pursuant to the Court's Order Requiring Joint Scheduling Report (Order Requiring Joint Scheduling Report, June 29, 2011 [hereinafter Order], ECF No. 9), Plaintiff respectfully moves for an extension of time in which to file the Joint Scheduling Report ("JSR").

  Good cause exists for the requested extension, as set forth in detail in the attached declaration. Plaintiff's complaint was filed June 9, 2011, against parties known to Plaintiff only by Internet protocol ("IP") addresses. Declaration of Neil H. Rubin ¶ 2. In order to ascertain the identities of the Doe Defendants, Plaintiff, on June 14, 2011, submitted a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference. *Id*. The motion was granted on June 23, 2011. *Id*. Within four days, Plaintiff, pursuant to the Court's discovery order, served nonparty subpoenas on each Internet Service Provider in the case seeking the limited contact information set forth in the order. *Id.* ¶ 3. On June 29, 2011, the Court issued the Order requiring Plaintiff to

1

serve each Defendant in the case within 40 days or file a motion with the Court to extend the time of filing the JSR. *Id.* ¶ 4.

Plaintiff expects to begin receiving the majority of its subpoena responses in late August. *Id.* ¶ 5. Internet Service Providers ("ISP's") require time to perform IP address resolutions, provide their subscribers with notice and a window to file a motion to quash with this Court to challenge the disclosure of their identifying information—typically 30 days—and then processing time on the back end to actually furnish Plaintiff with the subpoena response. *Id.* Based on Plaintiff's counsel's experience, late August is a realistic time frame to expect receiving subpoena responses, provided that no subpoena responses are withheld pending the Court's ruling on any motions to quash that might be filed in the case. *Id.*

Plaintiff expects to be able to serve Defendants by September 30, 2011, and file a JSR on October 20, 2011. Any delays in production due to motions to quash that might be filed in this matter would extend the time for service and the JSR filing by the amount of time that production is delayed as a result of the time required to resolve those motions.

Respectfully submitted,

Pink Lotus Entertainment, LLC

DATED: August 9, 2011

*/s/ Neil H. Rubin*
NEIL H. RUBIN–Florida Bar No. 416592
Attorney E-Mail Address:
nhrubin@neilrubinlaw.com
Rubin & Bickman, PLLC
Historic City Hall
1130 Washington Ave–Fourth Floor
Miami Beach, Florida 33139-4600
Telephone: (305)-672-7200 Extension '2'
Telecopier: (305)-672-0101
*Attorney for Plaintiff*

## DECLARATION OF NEIL H. RUBIN

I, Neil Rubin, do hereby declare as follows:

1.	I am an attorney at the law firm of Rubin & Bickman, PLLC, counsel of record for Plaintiff. I submit this declaration in support of Plaintiff's Motion to Extend Time for Service. Except as otherwise stated, the matters set forth herein are based on my personal knowledge, and I could and would testify competently thereto if called upon to do so.

2.	Plaintiff filed its complaint on June 9, 2011. In its complaint, Plaintiff identified 53 IP addresses that are associated with Doe Defendants. On June 14, 2011, Plaintiff submitted a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference. The motion was granted on June 23, 2011.

3.	Within 4 days of the order granting Plaintiff's discovery motion, subpoenas were served on the nonparty Internet Service Providers listed in Plaintiff's complaint. Pursuant to the Court's order, the subpoenas requested a limited scope of information relating specifically the contact information associated with account holder the relevant IP address at the given date and time.

4.	On June 29, 2011, this Court issued a scheduling order requiring Plaintiff to serve each Defendant in this case within 40 days or file a motion with the Court to extend the time of service and filing the JSR.

5.	Plaintiff expects to begin receiving the majority of its subpoena responses at the end of August. ISPs require time to perform IP address resolutions, provide their subscribers with notice of Plaintiff's subpoena and a window of time to file motions to quash with the Court to challenge the disclosure of information to Plaintiff—the typical window of time is 30 days—and then time to process subpoena responses on the back end before providing them to Plaintiff's

counsel. In addition, the pendency of decisions on motions to quash that are filed with the Court can delay the production of a given movant's identifying information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Miami, Florida, on August 9, 2011.

                                                /s/ *Neil H. Rubin*
                                                Neil H. Rubin